STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

X ***Providence County***
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

___ ***Kent County***
Kent County Judicial Complex
222 Quaker Lane
Warwick, Rhode Island 02886

___ ***Newport County***
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ ***Washington County***
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. PC07-5500

Votta & Votta Law Offices, Ltd.
**Plaintiff**

Unum Life Insurance Company of America, alias
**Defendant**

## ***Summons***

*To the above-named Defendant:*

CT Corporation System
10 Weybosset Street
Providence, RI 02903

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Bernard P. Healy, Esquire Plaintiff's attorney, whose address is 750 East Ave., Pawtucket, RI 02860 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

[illegible]
[illegible]
10/24/07
Constable [illegible]
[illegible]

Dated: October 15, 2007

(Seal of the Superior Court)

S- 135 (REV. 02/07)

| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, SC. | SUPERIOR COURT |
| VOTTA & VOTTA LAW OFFICES, LTD | |
| VS. | C.A. No. |
| UNUM LIFE INSURANCE COMPANY<br>OF AMERICA, Alias | |

## COMPLAINT

**COUNT I:**

1. The plaintiff is a law office organized and existing under the laws of and currently active in the State of Rhode Island

2. The defendant is an insurance companiy authorized to do business within the State of Rhode Island

3. On or about March 1st, 1993, the defendant did issue to Joseph S. Votta, Jr., a certain policy of disability insurance, policy # LAD225675, an overhead expense disability income policy, so called.

4. By and according to the terms and conditions of the policy, if Joseph S. Votta, Jr., Esquire, became disabled, it became the duty of the insurer to pay overhead expense benefits during the period of Joseph S. Votta, Jr.'s disability up to a policy limit as stated in the subject policy and any and all amendments thereto.

5. Joseph S. Votta, Jr., has assigned all benefits in and to the policy for expense disability to the plaintiff, Votta & Votta Law Offices, Ltd.

6. The plaintiff has duly complied with all terms and conditions of the policy, has provided the defendant with all documentation necessary for the determination of the claim, and has otherwise complied fully and timely with all obligations pursuant to the policy of insurance.

7. The defendant, in breach of the contract, has refused, and continues to refuse to pay pursuant to the terms and conditions of the policy.

8. The amount in controversy is sufficient to satisfy the jurisdiction of this Honorable Court.

WHEREFORE, the plaintiff demands judgment against the defendants in a sum sufficient to compensate the plaintiff for all injuries and losses pursuant to the policy, up to and including the relevant policy limit.

**COUNT II:**

1. Paragraphs 1 through 8 of Count I are incorporated by reference herein and made a part hereof.

2. The defendant, Unum Life Insurance Company of America., had and has a duty of good faith and fair dealing in reference to its obligations under the policy of insurance

3. The defendant has, in breach of its duty of good faith and fair dealing, willfully and intentionally refused to abide by the terms and conditions of its policy and has been and is guilty of patent bad faith.

4. The defendant has failed to acknowledge and act with reasonable promptness upon pertinent communication with respect to the claim at issue arising under the relevant policy.

5. The defendant has willfully refused to effectuate a prompt, fair, and equitable settlement of the claim submitted in which liability has been and is reasonably clear.

6. The defendant has wrongfully compelled the insured and its beneficiary to commence action to recover amounts due under the policy and has refused to pay the claim without conducting a reasonable investigation.

7. The defendant has in bad faith refused to pay a claim despite the fact that its contractual liability to do so was and is reasonably clear and uncontested.

8. As a direct and proximate result of the defendant's bad faith, the plaintiff has been deprived of the benefit of its bargain, has been compelled to engage counsel, institute suit, and has been otherwise damnified.

WHEREFORE, the plaintiff demands judgment against the defendant in a sum sufficient to compensate it fully for any and all losses flowing from the defendant's bad faith, together with punitive damages, reasonable attorney's fees, and interest and costs.

Plaintiff claims a Trial by Jury.

Plaintiff,
By its Attorney,

Bernard P. Healy, #2072
750 East Avenue
Pawtucket, RI 02860
(401) 721-2260