UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

VOTTA & VOTTA LAW OFFICES, LTD.,
Plaintiff

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, ALIAS,
Defendant

C.A. NO. 07-420-ML

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

The Defendant, Unum Life Insurance Company of America ("Unum"), answers the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

**COUNT I**

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2. The defendant admits that it is an insurance company authorized to do business in Rhode Island, but it is incorporated in Maine and has a principle place of business in Portland, Maine.

3. The defendant admits that on March 1, 1993 it issued to Joseph S. Votta Policy No. LAD225675 entitled Overhead Expense Disability Income Policy. Except as expressly admitted, the defendant denies the remaining allegations set forth in paragraph 3.

4. The allegations set forth in paragraph 4 purport to describe the terms and provisions of Policy No. LAD225675, which speak for themselves and as such no further answer is required as to the allegations set forth in paragraph 4.

5. The defendant admits that it is in receipt of an assignment from Joseph S. Votta to Votta & Votta Law Offices, Ltd. of all rights that Mr. Votta may have in Unum Policy No. LAD225675. Except as expressly admitted, the defendant denies the remaining allegations set forth in paragraph 5.

6. The defendant denies the allegations set forth in paragraph 6.

7. The defendant admits that it terminated payment of benefits under the Policy. Except as expressly admitted, the defendant denies the remaining allegations set forth in paragraph 7.

8. The allegations set forth in paragraph 8 concern contentions of law to which no answer is required. The defendant admits that the amount in controversy in this case satisfies the $75,000 jurisdictional requirements of the United States District Court. To the extent that the demand for judgment following paragraph 8 is deemed to include allegations of fact, the defendant denies them.

**COUNT II**

1. The defendant repeats and realleges its answers to paragraphs 1 through 8 of Count I, which are incorporated herein by reference.

2. The allegations set forth in paragraph 2 concern contentions of law to which no answer is required.

3 - 8. The defendant denies the allegations set forth in paragraphs 3 through 8. To the extent that the demand for judgment following paragraph 8 is deemed to include allegations, the defendant denies them.

**AFFIRMATIVE DEFENSES**

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

The plaintiff is estopped from proceeding on the claims asserted in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiff has waived all claims it attempts to assert in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Any acts by the defendant were not unfair, deceptive, or in bad faith. The defendant at all times acted reasonably and in good faith in its consideration of the plaintiff's claim for benefits under the applicable Policy.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint is barred because plaintiff has failed to comply with all conditions precedent necessary to receive benefits under the Policy.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the terms and conditions of the Policy.

**EIGHTH AFFIRMATIVE DEFENSE**

The defendant fairly evaluated the plaintiff's claim under the Policy and continues to do so, and at all time acted in good faith in its evaluation of the plaintiff's claim for benefits.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations.

WHEREFORE, the defendant demands that the Complaint be dismissed and judgment thereon be entered in its favor with an award of costs.

**The defendant hereby demands a trial by jury of such issues.**

UNUM LIFE INSURANCE COMPANY OF AMERICA

By its attorney,

/s/ Joan O. Vorster

Joan O. Vorster, Esq. (#5784)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502

Dated: November 20, 2007

CERTIFICATE OF SERVICE

I, Joan O. Vorster, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 20, 2007.

/s/ Joan O. Vorster
Joan O. Vorster, Esq.

Dated: November 20, 2007