THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VOTTA & VOTTA LAW
OFFICES, LTD, plaintiff

VS. Civil Action Number: 07-420-ML

UNUM LIFE INSURANCE COMPANY
OF AMERICA, alias Defendant

PLAINTIFF'S STATEMENT OF CLAIM

Joseph S. Votta, Esquire, on March 1, 1993 applied for and received from the defendant a certain policy of insurance, policy number LAD225675, which was an overhead expense disability income policy. The policy provided in essence that should Mr. Votta become disabled, after a specified waiting period, UNUM would pay up to the policy limits what had been Mr. Votta's contribution to overhead in the Votta & Votta Law Offices, Ltd. Joseph S. Votta, Esquire assigned all rights he had in the subject policy to Votta & Votta law Offices, Ltd.

Joseph S. Votta, Esquire, had been a partner in the law firm which then consisted of Joseph, his brother Steven Votta, Esquire and his sister, Jill S. Votta, Attorney at Law.

Joseph Votta became disabled in the spring of 2005. To the knowledge of plaintiff, he remains disabled. Plaintiff duly applied for and received benefits pursuant to the subject policy.

In addition to the overhead expense disability policy, Joseph S. Votta, Esquire had a second personal disability policy with this defendant. In December, 2006, Joseph underwent a medical evaluation at defendant's request with Barry W. Wall, M.D. Although plaintiff has not had an opportunity to review the report of Dr. Wall, Dr. Wall

apparently noted that Mr. Votta had “sold his share of the business”. Upon receipt of that information, the defendant questioned the right of Votta & Votta Law Office Ltd. to further payments. The defendant contends that the policy requires Joseph S. Votta, Esquire to remain a principal in the law firm for the firm to receive continued benefits. The plaintiff contests that assertion and the legal effect of the terms and conditions of the policy is the first issue in the case. The plaintiff contends that the policy does not require that the disabled employee/principal maintain a continued ownership interest in the law firm. The plaintiff contends that there is absolutely no provision in the policy itself which would require continued ownership or for that matter even an ownership interest in the firm for the policy to be effective. Plaintiff contends that pursuant to the terms and conditions of the policy, the law firm is clearly entitled to payment of continuous benefits up to the available policy limit. At present, there is approximately $85,000 outstanding on the specific policy.

The second issue is whether Joseph S. Votta, Esquire in fact divested himself of all interest in the law firm in April, 2006 as noted. The plaintiff contests that any such divestiture occurred and plaintiff has in fact provided defendant with evidence that there was no formal divestiture of all interests of Joseph S. Votta, Esquire in the law firm.

As to the first count, the damages to which plaintiff is entitled are specific and set forth in the terms of the policy. The legal issue will be, as to count one, whether the subject policy requires a disabled principal/employee to maintain, after disability, an ownership interest in the law firm. The factual issue will be whether Joseph S. Votta, Esquire in fact continues to maintain an interest in the law firm.

In conjunction with the breach of contract claim, the plaintiff has brought an action for bad faith. The plaintiff contends that defendant had no basis for denial of the subject claim, that its interpretation of the policy is not merely tortured, but baseless. The plaintiff contends that pursuant to Rhode Island law this defendant has been guilty of unfair claims practices which warrant a finding of bad faith and punitive damages and attorney's fees pursuant to Rhode Island law. At the present time, it may be necessary to sever counts one and two of the complaint. Rhode Island General Laws Section 9-1-33 requires that an insurer's refusal to pay or settle a claim be both wrongful and in bad faith. This will require exploration of the insurer's motive, past practices, and stated reasons for denial, the discovery of which may not be appropriate in the breach of contract action. The plaintiff does anticipate that the evidence will establish that this insurer has denied coverage and refused payment without a reasonable basis in fact or law and thus is liable. Skaling vs. Aetna Insurance Company, 799 A2d 997(Rhode Island 2002).

The Plaintiff
Votta & Votta Law Offices, Ltd.
By its attorney:

____________________
/s/: Bernard P. Healy
750 East Avenue
Pawtucket, RI 02860

CERTIFICATION

I hereby certify that on this date of JANUARY 30, 2008 a true copy of the herein was sent to Joan O. Voster, Esquire at Mirick, O'Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, Ma 01608-1477 by facsimile, electronic mail and first class mail, postage prepaid.

__/s/Dorothy Healy__________________