AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VOTTA & VOTTA LAW OFFICES. LTD.

V.

UNUM LIFE INSURANCE COMPANY OF AMERICA

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-420-ML

TO: Keeper of Records
Deluca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Mirick, O'Connell, 100 Front St., Worcester, MA 01608 | April 30, 2008 - 10:00 am |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See the attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Mirick, O'Connell, 100 Front St., Worcester, MA 01608 | April 30, 2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Joan O. Vorster | 4.10.08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joan O. Vorster, Esq., Mirick O'Connell, 100 Front Street, Worcester, MA 01608 (508) 791-8500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE PLACE

SERVED

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

SCHEDULE A

1. All documents, including emails, between Deluca & Weizenbaum, Ltd., its attorneys and employees and Votta & Votta Law Offices, Ltd., its shareholders (Jill S. Votta and Stephen Votta) its representatives, and/or its employees from April 1, 2005 to the present regarding Joseph Votta, Jr.

2. Any documents, including emails, that pertain to the authorization and assignment signed by Joseph Votta, Jr. on February 26, 2006.

3. Any documents, including emails, that pertain to any loan between Joseph Votta, Jr. and Votta & Votta Law Offices, Ltd.

4. Any documents, including emails, that pertain to any loan between Joseph Votta, Jr. and Jill S. Votta, Stephen Votta, and/or Votta & Votta Law Offices, Ltd.

5. Any documents, including emails that pertain to any pledging of Joseph Votta, Jr.'s stock or shares in Votta & Votta Law Offices, Ltd.

6. Any documents, including emails that pertain to any sale of Joseph Votta, Jr.'s stock or shares in Votta & Votta Law Offices, Ltd.

7. Any agreements, including drafts of any agreements, between Joseph Votta, Jr., Votta & Votta, Law Offices, Ltd., Jill Votta and/or Stephen Votta.

8. Copies of any checks issued by Votta & Votta Law Offices, Ltd., Jill Votta and/or Stephen Votta to Joseph Votta, Jr.

9. Copies of any checks issued by Joseph Votta, Jr. to Votta & Votta Law Offices, Ltd., Stephen Votta and/or Jill Votta.

REC'D APR 11 2008

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

VOTTA & VOTTA LAW OFFICES, LTD.,
Plaintiff

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, ALIAS,
Defendant

C.A. NO. 07-410-ML

**NOTICE OF TAKING DEPOSITION OF THE KEEPER OF RECORDS OF DELUCA & WEIZENBAUM, LTD.**

Please take notice that, at **10:00 a.m. on Wednesday, April 30, 2008**, at the offices of Mirick, O'Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, Massachusetts 01608-1477, the defendant in this action, by its attorney, will take the deposition upon oral examination of the **Keeper of Records of Deluca & Weizenbaum, Ltd., 199 North Main Street, Providence, RI 02903**, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for the State of Rhode Island, or before some other officer authorized by law to administer oaths. This is a request for records only.

The following documents are requested to be produced:

All those documents listed in the attached Schedule A.

You are invited to attend and cross-examine.

UNUM LIFE INSURANCE COMPANY OF AMERICA

By its attorney,

Joan O. Vorster, Esq. (#5784)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502

Dated: 04.10.08

CERTIFICATE OF SERVICE

I, Joan O. Vorster, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Bernard P. Healy, 750 East Avenue, Pawtucket, RI 02860.

Joan O. Vorster, Esq.

Dated: 04.10.08

SCHEDULE A

1. All documents, including emails, between Deluca & Weizenbaum, Ltd., its attorneys and employees and Votta & Votta Law Offices, Ltd., its shareholders (Jill S. Votta and Stephen Votta) its representatives, and/or its employees from April 1, 2005 to the present regarding Joseph Votta, Jr.

2. Any documents, including emails, that pertain to the authorization and assignment signed by Joseph Votta, Jr. on February 26, 2006.

3. Any documents, including emails, that pertain to any loan between Joseph Votta, Jr. and Votta & Votta Law Offices, Ltd.

4. Any documents, including emails, that pertain to any loan between Joseph Votta, Jr. and Jill S. Votta, Stephen Votta, and/or Votta & Votta Law Offices, Ltd.

5. Any documents, including emails that pertain to any pledging of Joseph Votta, Jr.'s stock or shares in Votta & Votta Law Offices, Ltd.

6. Any documents, including emails that pertain to any sale of Joseph Votta, Jr.'s stock or shares in Votta & Votta Law Offices, Ltd.

7. Any agreements, including drafts of any agreements, between Joseph Votta, Jr., Votta & Votta, Law Offices, Ltd., Jill Votta and/or Stephen Votta.

8. Copies of any checks issued by Votta & Votta Law Offices, Ltd., Jill Votta and/or Stephen Votta to Joseph Votta, Jr.

9. Copies of any checks issued by Joseph Votta, Jr. to Votta & Votta Law Offices, Ltd., Stephen Votta and/or Jill Votta.