# EXHIBIT J

A. Allard
NE3

**BERNARD P. HEALY**
*Attorney And Counselor At Law*
*Proctor In Admiralty*

January 12, 2007

Ms. April Allard, ALHC, ACS
Lead Disability Benefit Specialist
UNUM Life Insurance Company of America
UNUM Provident Corporation
18 Chestnut Street
Worcester, MA 01608-1528

Re: Joseph S. Votta, Jr.
Overhead Policy #LAD 225675
Claim#:CLA 052036

NLL JAN 15 2007

Dear Ms. Allard:

I am in receipt of your letter dated January 4, 2007. Please understand that you have no right to conclude from the statements made in my earlier letter, that I or Votta & Votta do not dispute the allegation that Joseph S. Votta, Jr., Esquire currently has no ownership in the practice. You should only conclude that I and Votta & Votta Law Offices, Ltd. contest your right to that information. In my letter of December 27, 2006, I contested your logic that a transfer of ownership after a claim accrues would in any way have an effect upon the claim. Your letter of January 4th does not, per my reading, address that. I do ask that you respond to me. Do you contend that a transfer of ownership voids an entitlement to the benefits provided in the policy? Also, please provide me with that section of the policy which you contend endows you with the right to demand evidence regarding the internal operations of a business and particularly internal operations which occur after a claim has accrued. The claim information section of your policy, found at page 11, and particularly paragraphs 3 and 4, do require submission of a proof of loss. That's been done. You also are clearly entitled, as paragraph 4 designates, to relevant portions of income tax returns either for your insured or his or her business, income statements, vouchers for overhead expenses, and other statements or reports of receipt and payment. Paragraph 4 ends with the statement, "we may also require evidence that you were liable for an overhead expense <u>before</u> disability began." Where in the policy is there a requirement that your insured remains liable for those expenses <u>after</u> disability has begun?

Steven J. Votta, Esquire and Jill S. Votta, Esquire and Votta & Votta Law Offices, Ltd. will provide you with documentation regarding the ownership of Votta & Votta Law Offices, Ltd. at the time this claim accrued. It cannot therefore be said that my clients will not be providing you with <u>any documentation regarding the ownership of Votta & Votta Law Offices, Ltd.</u> I have absolutely no objection to your providing Mr. DeLuca with copies of my letters to you. In fact, I am taking the liberty of providing him

750 East Avenue Pawtucket, RI 02860 Ph *(401) 721-2260 Fax (401) 721-2230*

APA JAN 10 2007 Rec'd By WCCC JAN 15 2007

UACL01109

***BERNARD P. HEALY***
***Attorney And Counselor At Law***
***Proctor In Admiralty***

Ms. April Allard, ALHC, ACS
January 12, 2007
Page Two

with a copy of this letter. Joseph S. Votta, Jr.'s authorization certainly allowed you to discuss and negotiate any benefits to which he may be entitled with either Jill S. Votta, Esquire or Steven J. Votta, Esquire. Does that authorization give you the right to release information from Joseph's physicians and/or independent medical examiner? There is a difference between discussing the specifics of your claim evaluation and discussing the specifics of medical treatment. The very fact that you are compelled to make such disclosures convinces me that you have no right to the information sought. There is another issue which I would like to address with you. In your correspondence of January 4, 2007 you indicate that you sent Mr. DeLuca a copy of my letter of December 27th along with your letter dated December 29th, 2006 regarding your decision of claim #CLA 052036. I have not received any letter from you dated December 29, 2006. I have also conferred with my clients and neither Steven nor Jill nor Votta & Votta Law Offices, Ltd. have received any correspondence regarding your decision in reference to claim #CLA 052036. Would you please forthwith fax a copy of that correspondence to both me at fax number (401) 721-2230 and Votta & Votta Law Offices, Ltd. to the attention of Steven J. Votta, fax number (401) 272-6902. May I please hear from you.

Very truly yours,

Bernard P. Healy

BPH/cb
cc: Amato DeLuca, Esquire

**750 East Avenue Pawtucket, RI 02860 Ph *(401) 721-2260 Fax (401) 721-2230***