# EXHIBIT G

UNUMPROVIDENT

December 7, 2006

DeLuca & Weizenbaum, LTD
Attorneys at Law
199 North Main Street
Providence, RI 02903
Attn: Amato A. DeLuca

Votta & Votta Law Offices, LTD
900 Smith Street
At River Avenue
Providence, RI 02908-2797
Attn: Steven J. Votta

*RE: Joseph S. Votta, Jr.*
*Policy #s LAD225674 & LAD225675*
*Claim #s CLA052035 & CLA052036*

Dear Mr. DeLuca and Mr. Votta,

We are writing to you at this time to provide you with an update regarding Mr. Joseph S. Votta, Jr. and his above-referenced claims.

We are in receipt of the recently submitted Attending Physician's Statement and Claimant's Statement - Physician/Medication List portion of the Claimant's Supplemental Statement. Thank you. We note we did not receive the completed Claimant's Statement. However, we have issued a check to Mr. Votta in the amount of $5,920.72. These benefits are payable under Claim Number CLA052035. This check has been sent to Mr. Votta under separate cover.

As you are both aware, we are currently evaluating any benefits payable under Claim Number CLA052036 (the claim for benefits under the Overhead Expense Disability Income Policy), along with Mr. Votta's current ownership in Votta & Votta Law Offices, LTD. Mr. Votta underwent Independent Medical Evaluations (IMEs) for our company. An evaluation was performed by Steven J. Hirsch, PH.D., A.B.P.P. on March 30, 2006 and an evaluation was performed by Barry W. Wall, M.D. on April 20, 2006; Dr. Wall's report is dated May 12, 206.

As part of his evaluation, Dr. Wall had the opportunity to speak with one of Mr. Votta's attending physicians, ~~Dr. Kenner~~. Regarding Dr. Wall's interview of Dr. Kenner, ~~Dr. Wall~~ noted, in part, the following in his report:





EXHIBIT
PENGAD 800-631-6989
J. Votta
#9
CJ 7/7/2008

> "Mr. Votta and Dr. Kenner last met on 4/18/06. He had just sold his share of the business, and was relieved by it. Although his family business partners owed him money, he took what they gave him."

Also as part of his evaluation, Dr. Wall had the opportunity to speak with Mr. Votta's wife, Ms. Votta. Regarding Dr. Wall's interview of Ms. Votta, Dr. Wall noted, in part, the following in his report:

> "When I asked whether Mr. Votta had sold his share of the business; Ms. Votta indicated that he and his family signed some papers about a month ago. They had been talking about cutting him loose. He is relieved by this."

Policy Number LAD225675, the Overhead Expense Disability Income Policy, defines "Covered overhead expenses", in part, as follows:

> "Covered overhead expenses" means your share of the usual and customary business expenses that are not excluded below which you or your business incurs on a regular basis and are essential to your established business operation. Covered overhead expenses which are paid on other than a monthly basis (such as covered insurance premiums, taxes on business property and covered professional fees) will be prorated to their monthly costs and included in the monthly covered overhead expenses.

As defined above, the "covered overhead expenses" are **your share** of the usual and customary business expenses... [emphasis added]. We understand at the beginning of the claim, Mr. Votta was approximately 33.33% owner of Votta & Votta Law Offices, LTD. As such, his share of the usual and customary business expenses was 33.33% and benefits under the Overhead Expenses Disability Income Policy (Policy Number LAD225675) were calculated using this figure. We are now evaluating Mr. Votta's current ownership in Votta & Votta Law Offices, LTD. If Mr. Votta's current ownership in Votta & Votta Law Offices, LTD is 0%, then his share of the usual and customary business expenses would also be 0%.

Therefore, we are currently requesting the following information, in writing:

1. Is Mr. Votta an owner of Votta & Votta Law Offices, LTD?
2. If Mr. Votta is no longer an owner of Votta & Votta Law Offices, LTD, please plainly state so.
3. If Mr. Votta continues to be an owner of Votta & Votta Law Offices, LTD, please indicate the percent of ownership Mr. Votta holds.
4. If Mr. Votta continues to be an owner of Votta & Votta Law Offices, LTD, please also provide us with an explanation to Dr. Wall's conversations with Dr. Kenner and Ms. Votta.
5. If Mr. Votta continues to be an owner of Votta & Votta Law Offices, LTD, please also provide us with documentation that Mr. Votta still currently holds ownership in Votta & Votta Law Offices, LTD.

We look forward to receiving a response within 15 days of the date of this letter.



UACL00917

Additionally, Mr. Votta's above-referenced claims have been transferred to me for further handling. Please forward all future correspondence to my attention at the address indicated on the bottom of the first page of this letter.

Should you have any questions, or if I may be of any assistance, please contact me toll-free at 1-888-226-7959, extension 76276. If at any time during your claim you have concerns with our claim process, or a specific step in the claim process, which have not been addressed to your satisfaction, please call us at 1-866-865-9015 for additional assistance.

Sincerely,

April Allard, ALHC, ACS
Lead Disability Benefits Specialist
*Union Life Insurance Company of America*

AA



UACL00918