UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VOTTA & VOTTA LAW OFFICES, LTD.,<br>Plaintiff<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, ALIAS,<br>Defendant | C.A. NO. 07-420-WS |

**UNUM LIFE INSURANCE COMPANY OF AMERICA'S REPLY TO VOTTA & VOTTA LAW OFFICE, LTD.'S OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

The defendant, Unum Life Insurance Company of America ("Unum") submits this reply brief addressing issues raised by the plaintiff, Votta & Votta Law Offices, Ltd.'s ("V&V"), in their Opposition to Unum's Motion for Summary Judgment and their objection to Unum's Statement of Undisputed Material Facts.

**ARGUMENT**

1. The Use Of The Past Tense In The BOE Policy Does Not Imply That An Insured Can Collect Benefits Where He No Longer Has An Interest in His Business.

In describing how covered expenses will be calculated, the business overhead expense policy (the "BOE policy") states that "they are the ones for which you were liable in the normal conduct of business before disability began." (Stmt Und. Facts, ¶3). V&V argues that the use of the past tense in this provision establishes that continued ownership of the business is not required. This analysis is incorrect. This language explains what expenses can be included in calculating the benefit under the BOE policy. In other words, the BOE policy does not cover new expenses or expenses that were the responsibility of someone else prior to the onset of

disability. This language does not in any way indicate that the insured can have no liability for business overhead expenses after the date of disability and still collect benefits.

Similarly, the fact that benefits can be paid to an estate if the insured dies does not support a finding that an insured does not need to be liable for any expenses after the date of disability. In so arguing, V&V states "one must wonder how a dead person could be liable for ongoing business expenses." (V&V's Opposition at p.2). V&V seems to ignore the fact that when an insured dies, his debts do not die with him. If an insured was liable for ongoing expenses, his estate remains liable until those expenses are paid.

2. The Statements Of Attorney Deluca And His Assistant Are Admissible Under Fed. R. Evid. 613.

V&V argues in its opposition that the October 31, 2006 letter from Joseph Votta, Jr.'s ("Joseph") attorney and the statements of his attorney's assistant to Unum are inadmissible hearsay. It is the general rule that statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney. Mello v. K-Mart Corp., 792 F.2d 1228, 1231-32 (1st Cir. 1986); Williams v. Union Carbide Corp., 790 F.2d 552, 555 (6th Cir. 1986). During his deposition, Joseph was afforded an opportunity to explain or deny these statements. When questioned, Joseph testified that Attorney Deluca was his attorney in October 2006 and that in October 2006 he did believe he had signed away his interest in V&V. (Stmt. Und. Facts ¶57; Joseph Depo at 81-83). Therefore, the statements made by Attorney Deluca in the October 31, 2006 letter and by his office are admissible against Joseph under Fed. R. of Evid 613 as prior statements of a witness and may be offered into evidence for the purpose of impeaching Joseph's testimony that he believed the April 13, 2006 transaction was a loan.

3. None of V&V's Explanations Change The Fact That The April 13, 2006 Transaction Was Not A Loan.

V&V claims that they have not asked Joseph to repay the money he received on April 13, 2006 because he is their brother. (V&V Opposition at p.5). The fact that the shareholders of V&V are siblings does not excuse the requirement that there must be an obligation to repay in order to establish a valid loan. Barker v. Rhode Island Co., 35 R.I. 406, 407 (1913) involved an alleged loan between husband and wife . In Barker, the Court found that where there was no obligation to repay, there was no valid loan. The fact that the parties to the alleged loan were family members did not excuse this requirement in Barker, and it does not excuse it here.

Contrary to V&V's assertion, Joseph's failure to respond to Unum's inquiries regarding his ownership status cannot be blamed on his illness. (V&V Opposition at p.6). At all relevant times, Joseph was represented by counsel, who was certainly capable of responding to Unum's requests and did not.

V&V tries to justify the discrepancy between the loan amount reflected on the receipt and the amount carried as a loan on its books. V&V claims that the original amount was intended to be $33,690.66, but to maintain V&V's status as an S Corporation it was "necessary to include also the disbursement from the AAA account as a loan amount." (V&V Opposition at p.6). How could V&V unilaterally change the loan amount it carried on its books without even notifying Joseph? The answer is that it did not matter what the amount was on the books because it was not a valid loan and no one ever expected Joseph to repay any of the money he received.

4. Evidence Obtained During Discovery Is Neither Relevant Nor Admissible In The Bad Faith Claim.

In opposition to Unum's motion for summary judgment on the bad faith claim, V&V argues that the depositions of Joseph, Jill, Steven and Mr. Renza, and the production of

documents from the April 13, 2006 meeting made it "undeniably clear" that benefits were due. Even if information produced during discovery established liability under the BOE policy (which Unum does not believe they do) it cannot be considered in deciding the bad faith claim. Pursuant to Skaling v. Aetna Ins. Co., 799 A.2d 997 (2002) "the decision of the insurance company to deny a claim under an insurance policy must be judged by what was before it at the time the decision was made." Id. at 1011. Just as an insurer cannot introduce information acquired subsequent to the denial to enhance its defense, neither can V&V use testimony and documents that it never submitted to Unum in order to establish bad faith. Id.

5. Unum's Facts Are Material

In response to Unum's Statement of Undisputed Material Facts, V&V repeatedly objects on grounds that while the statements are true, the facts are not "material." Materiality is defined by the substantive law. Material facts are ones that might affect the outcome of the lawsuit under governing law. Cornell v. Bank of Boston, 924 F.2d 1169, 1172 (1st Cir. 1991). All of the facts alleged in Unum's Statement of Material Facts provide a piece of evidence supporting the conclusion that the April 13, 2006 transaction was not a loan and Joseph no longer has an ownership interest in V&V. As such, all of these facts are material and V&V's objection is unwarranted.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Unum Life Insurance Company of America's Memorandum in Support of its Motion, summary judgment should enter in favor of Unum Life Insurance Company of America.

UNUM LIFE INSURANCE COMPANY
OF AMERICA

By its attorney,

/s/ Joan O. Vorster

Joan O. Vorster, Esq. (#5784)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502

Dated: September 15, 2008

CERTIFICATE OF SERVICE

I, Joan O. Vorster, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 15, 2008.

/s/ Joan O. Vorster
Joan O. Vorster, Esq.

Dated: September 15, 2008